## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARXAVIER SMITH,

        Plaintiff,

        v.

PETER TOLEDO, et al.,

        Defendants.

Case No. 1:20-cv-03054

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

Plaintiff Marxavier Smith, sues under 42 U.S.C. § 1983 alleging that: (1) Defendant Peter Toledo violated his Fourth Amendment right to freedom from unreasonable seizure by stopping Plaintiff's vehicle without probable cause (Count I); (2) Defendants Toledo, Mateusz Jasinski, David Roldan, Jonathan Guzman, Ernesto Amparan, Daniel Doherty, Andres Lizarzaburo, Jesse Oeinck, Kyle Lang, Emmanuel Zambrano, and Kevin O'Brien (collectively the "Police Officer Defendants"), all employed by the Chicago Police Department, violated Plaintiff's Fourth Amendment rights by searching his car without probable cause (Count II); (3) the Police Officer Defendants illegally detained Plaintiff in violation of his Fourth Amendment rights (Count III); and (4) Defendant Roldan commenced and/or continued criminal proceedings against Plaintiff without probable cause or legal justification in violation of Illinois' Malicious Prosecution law (Count IV).

1

Plaintiff also alleges that Defendant City of Chicago is liable for the torts committed by the Police Officer Defendants under a theory of respondeat superior (Count V) and that Defendant City of Chicago is obligated to pay compensatory damages for any torts committed by the Police Officer Defendants within the scope of their employment activities (Count VI). Defendant City of Chicago and the Police Officers move to dismiss Count II, and any Fourteenth Amendment due process claims made in Counts I, II, and III under Federal Rule of Civil Procedure 12(b)(6). [24]. For the reasons explained below, this Court grants in part and denies in part the motion to dismiss.

## I.    Background[1]

On May 25, 2018, Plaintiff and a passenger drove northbound on Long Avenue in Chicago, when Defendant Toledo, in an unmarked SUV, pulled him over for allegedly failing to stop at a stop sign. [20] ¶¶ 6–8. Plaintiff contends he was not committing any traffic or equipment violations when Defendant Toledo pulled him over. *Id.* ¶ 7. Plaintiff concedes that he had an outstanding warrant for domestic battery at the time of the stop. *Id.* ¶ 10.

After Defendant Toledo stopped Plaintiff's car, he called for backup, and Defendants Jasinski, Roldan, Guzman, Amparan, Doherty, Lizarzaburo, Oeinck, Lang, Zambrano, and O'Brien responded. *Id.* ¶ 21. The Police Officer Defendants directed Plaintiff and his passenger to exit the vehicle and then proceeded to search

---

[1] This Court takes the following facts from Plaintiff's amended complaint [20].

the vehicle. *Id.* ¶ 22. Plaintiff did not consent to the search and alleges it was done without probable cause or knowledge of his outstanding warrant. *Id.*

After searching the car, Defendant Officers arrested Plaintiff, alleging they had found a gun under the driver's seat and controlled substances elsewhere in the vehicle. *Id.* ¶ 11. Plaintiff claims these allegations were false and part of a conspiracy to frame him. *Id.* ¶ 12.

Prosecutors subsequently charged Plaintiff with being an armed habitual criminal, and with aggravated unlawful use of a weapon, Felon in Possession/Use of a Firearm, and possession of narcotics. *Id.* ¶ 12. Plaintiff remained in custody until March 18, 2020, when he prevailed on a motion to quash the arrest and suppress the evidence, and the court granted the Cook County State's Attorney's Office motion for *nolle prosequi* on the charges. *Id.* ¶ 13. The state also moved for *nolle prosequi* on unrelated domestic battery charges after the complaining witness declined to press charges. *Id.* at ¶ 15.

Plaintiff filed this suit alleging violations of his Fourth Amendment rights and malicious prosecution in May 2020, [1], and Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). [16]. Plaintiff then filed his amended complaint, [20], after which this Court denied Defendants' motion to dismiss as moot, [23]. Defendants subsequently filed a motion to dismiss Count II of the amended complaint and Counts I, II, and III to extent the amended complaint's theory falls under the Fourteenth Amendment. [24]. Additionally, the City of

Chicago and the Police Officers filed answers including affirmative defenses.  [25]; [26].

## II.   Legal Standard

To survive a 12(b)(6) motion, a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so that the Defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief, allowing this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Id.* at 678.  Thus, "[t]hreadbare recitals of the elements of a cause of action" and mere conclusory statements "do not suffice."  *Id.*

When evaluating complaints under Rule 12(b)(6), courts accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Id*.  Courts "must also consider 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'"  *Jafri v. Chandler LLC*, 970 F. Supp. 2d 852, 855 (N.D. Ill. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).  In addition, a court may "consider materials outside the pleadings."  *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313

4

(7th Cir. 2020). If so, the "court 'must' treat" the motion to dismiss "as one for summary judgment" under Rule 56. *Id.* (quoting Fed. R. Civ. P. 12(d)).

## III. Analysis

Defendants move to dismiss Count II of Plaintiff's amended complaint and Counts I, II, and III to the extent they are based upon the Fourteenth Amendment. [24]. In his Amended Complaint, Plaintiff alleges a Fourth Amendment illegal search violation (Count II) and references the Fourteenth Amendment in all of his Fourth Amendment claims (Counts I, II, III). For the reasons outlined below, the Court denies the motion as to the Fourth Amendment claim in Count II but grants the motion as to Counts I, II, and III to the extent these counts are based upon the Fourteenth Amendment.

### A. Count II: Fourth Amendment Search Claim

To survive a motion to dismiss a § 1983 action for failure to state a claim, a plaintiff need only "allege facts which show that the defendant, acting under color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right." *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, No. 16-cv-1138, 2017 WL 2573477, at *2 (S.D. Ill. June 14, 2017) (quoting *Anderson v. Simon*, 217 F.3d 472, 474 (7th Cir. 2000)). Here, Plaintiff alleges that the Police Officer Defendants searched Plaintiff's vehicle in violation of his Fourth Amendment rights. [20] Count II. Specifically, Plaintiff alleges that the Police Officer Defendants ordered him and his passenger to exit Plaintiff's vehicle during a traffic stop and then proceeded to search the vehicle without his consent, without probable cause, and without knowledge of Plaintiff's

5

outstanding domestic battery warrant. [20] ¶¶ 21–24. Here, the facts set forth in the amended complaint suffice to allege a Fourth Amendment violation actionable under § 1983.

Defendants argue that this Court should dismiss Count II because, after Plaintiff's lawful arrest on the outstanding warrant, "the vehicle was subject to a valid inventory search." [24] at 4. But for the purposes of a motion to dismiss, this Court must accept the Plaintiff's alleged sequence of events, in which Defendants unlawfully searched Plaintiff's vehicle first and only later learned about the outstanding warrant. As noted above, when deciding a motion to dismiss under Rule 12(b)(6), courts accept all well-pleaded allegations as true, drawing all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. Here Plaintiff clearly alleges that when the Police Officer Defendants searched his vehicle, they did so without his consent, without probable cause, and without "*knowledge of* [Plaintiff's] *outstanding domestic battery warrant.*" [20] ¶ 22 (emphasis added). On the Rule 12(b)(6) motion here, this Court cannot adopt Defendants' alternative timeline or otherwise rely upon Defendants' implicit invocation of the inevitable discovery doctrine. *See, e.g.*, *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997) (noting, in line with other circuits, that the reasoning which supports the use of the "inevitable discovery doctrine in criminal cases does not apply in civil rights actions").[2]

---

[2] For example, in their reply brief, Defendants offer up extrinsic evidence—body worn camera ("BWC") footage from the traffic stop—purportedly supporting an alternative timeline to that alleged in the complaint. [40]; [50]. But this footage is neither attached to the complaint or referred to in it, nor is

Because Plaintiff has sufficiently alleged a search in violation of his Fourth Amendment rights, this Court denies the motion to dismiss as to Count II.

**B.      Counts I, II, III:  Fourteenth Amendment Due Process Claims**

Defendants seek to dismiss Counts I (illegal seizure), II (unlawful search), and III (unlawful pretrial detention) to the extent those counts rely upon the Fourteenth Amendment, arguing that these claims sound only in the Fourth Amendment.  [24] at 6–7.  This Court agrees.  And Plaintiff, conceding that the "Amended Complaint could have been more artfully drafted, states that he did not intend to allege Fourteenth Amendment claims.  [28] at 5.  As such, this Court grants the motion to dismiss Counts I, II, and III to the extent they sound in the Fourteenth Amendment.  Counts I, II, and III stand to the extent they rely upon the Fourth Amendment.

---

it otherwise subject to judicial notice.  As such, the material remains better suited to a motion for summary judgment.  *See, e.g.*, *Outlaw v. City of Cahokia*, No. 16-CV-456, 2017 WL 1496251, at *2 (S.D. Ill. Apr. 26, 2017) (declining to consider video footage submitted by defendants in support of their motion to dismiss where footage, despite showing events "central" to Plaintiff's claims, was "neither an exhibit to the complaint nor a document central to the complaint but not attached").

**IV.    Conclusion**

For the reasons explained above, this Court grants in part and denies in part Defendants' motion to dismiss [24].  The motion to dismiss is granted as to the Fourteenth Amendment claims in Count I, II, and III of the amended complaint [20], and denied as to the Fourth Amendment claim in Count II.

Dated: August 31, 2021

Entered:

John Robert Blakey
United States District Judge